# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID DREXLER,

    Plaintiff,

        v.                                                                    Case No. 05-C-1051

LANGLADE COUNTY SHERIFF'S,
DEPARTMENT and JOHN MICHAEL SCHUNKE,

    Defendants.

## ORDER

The pro se plaintiff, David Drexler, who is presently confined in the New Lisbon Correctional Institution, filed this civil rights action on October 4, 2005, pursuant to 42 U.S.C. § 1983. By order of November 9, 2006, Judge William C. Griesbach granted the plaintiff's request for leave to proceed in forma pauperis on his claim that he was brutalized by Officer John Schunke during or after a sentencing hearing in 2004. Subsequently, the parties consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis) and the matter was reassigned to this court.

On February 21, 2006 the plaintiff filed a "Motion for Discovery" in the above-captioned action. In this motion, he asks the court to assist him in identifying the name of the female newspaper reporter for the Antigo Daily Journal who was a witness at his sentencing hearing. In addition, he asks the court to order two other witnesses, D.A. Ralph Uttke and court reporter Lauretta Murdoch, to

respond to his questions before April 14, 2006, although he admits that he has not yet submitted questions to those witnesses.

Before the court is able to consider the merits of the plaintiff's discovery requests, certain preliminary matters must be addressed. First, the court notes that the plaintiff did not file a certificate of service with his motion demonstrating that he has served the defendants with his motion as required under Rule 5(a), Federal Rules of Civil Procedure and Civil Local Rule 7.1(d). The plaintiff was notified in the order of November 9, 2005, that the court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney. Second, the plaintiff's motion fails to set forth the rule pursuant to which it is made as required under Civil Local Rule 7.1(a).

Although not delineated as such, procedurally, the court construes the plaintiff's motion as one to compel discovery under Rule 37, Federal Rules of Civil Procedure. While this rule permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a).

> According to Civil Local Rule 37.1
>
> All motions for discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

2

Because the plaintiff's discovery motion was not accompanied by the written statement contemplated under Civil Local Rule 37.1, the court is unable to establish that the plaintiff made a prior demand of the defendants or engaged in the required personal consultation. Since the plaintiff is in segregation status and only permitted to make collect calls, the court is willing to waive the "personal consultation" requirement. However, the plaintiff has not shown that he has been unable to get the information he seeks – the name of the newspaper reporter – from the defendants. He must first request same from the defendants through their attorney. In addition, with respect to the other two witnesses, he has not even served them with his discovery requests much less shown that they will not respond to his contemplated questions in a timely manner. For these reasons, court action at this time would be premature. Accordingly, plaintiff's "Motion for Discovery" will be denied.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's "Motion for Discovery" be and hereby is **denied**.

Dated at Milwaukee, Wisconsin this 27th day of February, 2006.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge