# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID DREXLER,**

    **Plaintiff,**

       v.                                      Case No. 05-C-1051

**LANGLADE COUNTY SHERIFF'S,
DEPARTMENT and JOHN MICHAEL SCHUNKE,**

    **Defendants.**

## ORDER

The pro se plaintiff, David Drexler, who is presently confined in the Columbia Correctional Institution, filed this civil rights action on October 4, 2005, pursuant to 42 U.S.C. § 1983. By order of November 9, 2006, Judge William C. Griesbach granted the plaintiff's request for leave to proceed in forma pauperis on his claim that he was brutalized by Officer John Schunke during or after a sentencing hearing in 2004. Subsequently, the parties consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis) and the matter was reassigned to this court.

On June 15, 2006, the defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Civil Local Rules provide:

Civil L.R. 56.1 Summary Judgment Motions in Pro Se Litigation

(a)     If a party is proceeding pro se in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

> (1) The motion must include a short and plain statement that any factual assertion in the movant's affidavit(s) or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.
>
> (2) In addition to the foregoing statement, the text to Fed.R.Civ.P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1 must be part of the motion.

Civil L.R. 56.1(a) (E.D. Wis.).

A review of the defendants' motion for summary judgment reveals that it contains the "short and plain statement" required by the Civil Local Rules. However, the motion does not include a copy of the text of Federal Rule of Civil Procedure 56(e) and (f), or Civil Local Rules 56.1, 56.2 and 7.1. The chronology of this case illustrates the importance of this requirement.

As required, the defendants filed their proposed findings of fact which identified 27 factual propositions upon which they contend there is no genuine issue of material fact. While plaintiff filed an affidavit in response to defendants' motion, he did not file a "specific response to the movants' proposed findings of fact" as contemplated under Civil Local Rule 56.2. In reply, counsel for the defendants sent a letter to the court, with a copy to plaintiff, pointing out that Drexler's documents, being unsigned and unsworn, violate Rule 56(e) of the federal rules. But plaintiff was never advised of the manner in which to respond, or of the consequences of his failure to comply with the rules. See Civil Local Rule 56.2(e) ("In deciding a motion for summary judgment, the Court must conclude that there is no genuine material issue as to any proposed findings of fact to which no response is set out.").

Based on defendants' failure to comply with the Civil Local Rules, their motion for summary judgment will be denied without prejudice. However, the defendants are advised that they may refile their motion for summary judgment, without physically refiling it, by providing the plaintiff with the

notice required in the Civil Local Rules within 14 days of the date of this order. An affidavit that proper notification has been provided to the plaintiff shall be filed with the court. At that time, the plaintiff shall have 30 days within which to resubmit his response to the motion in a form that complies with the federal and local rules.

## ORDER

**NOW, THEREFORE IT IS ORDERED** that defendants' motion for summary judgment be and hereby is **DENIED** without prejudice. Defendants are advised that they may refile their motion for summary judgment, without physically refiling it, by providing plaintiff with the notice required in the Civil Local Rules **within 14 days** of the date of this order. An affidavit of notice shall be filed with the court.

**IT IS FURTHER ORDERED** that if defendants properly refile their motion for summary judgment, the plaintiff must file a response **within 30 days** of service of the motion in accordance with Civil Local Rule 56.2(b).

Dated at Milwaukee, Wisconsin this 28th day of August, 2006.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge