UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID DREXLER,

    Plaintiff,

        v.                         Case No. 05-C-1051

LANGLADE COUNTY SHERIFF'S,
DEPARTMENT and JOHN MICHAEL SCHUNKE,

    Defendants.

## ORDER

The pro se plaintiff, David Drexler ("Drexler"), filed this civil rights action on October 4, 2005, pursuant to 42 U.S.C. § 1983. By order of November 9, 2006, Judge William C. Griesbach granted the plaintiff's request for leave to proceed in forma pauperis on his claim that he was brutalized by Officer John Schunke during or after a sentencing hearing in 2004. Subsequently, the parties consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis) and the matter was reassigned to this court.

On June 15, 2006, the defendants filed a motion for summary judgment. On August 28, 2006, this court denied without prejudice the defendants' motion on the basis that it failed to comply with Civil Local Rule 56.1. The defendants were given 14 days to comply with Civil L.R. 56.1 and the plaintiff was then permitted 30 days in which to respond. The defendants complied with Civil L.R. 56.1 and rather than responding, the plaintiff filed on October 2, 2006 a motion to dismiss the action without prejudice.

By order of October 6, 2006, the court advised the parties that it did not believe dismissal without prejudice was appropriate given the fact that plaintiff had previously voluntarily dismissed this action and because the motion was filed in response to defendants' motion for summary judgment. As a result, the court informed the parties that it would withhold its decision on the plaintiff's motion to dismiss for 30 days, until Monday, November 6, 2006, during which time the plaintiff could file a response to the defendants' motion for summary judgment. In addition, the plaintiff was apprised that if he failed to respond within this time period, the court would grant his motion to dismiss, but the dismissal would be with prejudice. At the plaintiff's request, the November 6, 2006, deadline was extended to November 30, 2006, and the plaintiff was again reminded that if he failed to respond within this time period, the court would grant his motion to dismiss, but the dismissal would be with prejudice. Order Granting Pl.'s Mot. for Extension, Nov. 15, 2006.

On November 28, 2006, the plaintiff filed his personal affidavit which the court construed as his response to the defendants' motion for summary judgment. However, on January 22, 2007, the plaintiff filed a letter with the court in which he stated "I dismiss case no. 05-C-1051 with prejudice." The court will construe this letter as a motion for voluntary dismissal under Rule 41(a)(2), Federal Rules of Civil Procedure.[1]

In view of the above, the court will grant plaintiff's motion to dismiss pursuant to Rule 41(a)(2). Per the plaintiff's request, the action will be dismissed with prejudice.

---

[1] Although the plaintiff did not serve a copy of the letter on the defendants as required under Rule 5, Federal Rules of Civil procedure, he states that he "verbally" notified the defendants. The court's electronic case management filing system (CM/ECF) indicates that the defendants were electronically notified of the plaintiff's filing on January 23, 2007.

**NOW, THEREFORE IT IS ORDERED** that plaintiff's motion to dismiss be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the clerk of court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of January, 2007.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge